UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIAN KEITH SCHWAB,

        Plaintiff,

v.

KENT COUNTY PAROLE DIRECTOR
et al.,

        Defendants.
_____/

Case No. 1:20-cv-669

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a county jail pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to conduct a preliminary review of any prisoner action brought under federal law and to dismiss the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court concludes that one of two outcomes is appropriate depending on the present status of Plaintiff's parole violation proceedings. If the parole violation proceedings at the foundation of his claims are complete, his claims would be properly dismissed for failure to state a claim upon which relief can be granted because his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See, e.g., Munofo*

*v. Alexander*, 47 F. App'x 329, 330-31 (6th Cir. 2002); *Miskowski v. Martin*, 57 F. App'x 246 248 (6th Cir. 2003); *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287-88 (6th Cir. 2003). On the other hand, if the parole violation proceedings at the foundation of Plaintiff's claims are ongoing, those claims are not properly dismissed for failure to state a claim at this time. Nonetheless, for those claims, the Court would exercise its discretion under the *Younger* abstention doctrine to stay further proceedings until further order of the Court following final resolution of any parole violation proceedings. To avoid any confusion, the Court will proceed as if the parole violation proceedings are ongoing and stay further proceedings as to all of Plaintiff's claims until further order of the Court following final resolution of ***all*** parole violation proceedings.

## Discussion

### I.      Factual allegations

Plaintiff was on parole when he allegedly committed the offenses with which he is charged. Therefore, it is possible that his present detention is related to violation of his parole terms rather than, or in addition to, pretrial detention on his pending criminal prosecutions. The Kent County Jail inmate lookup describes Plaintiff's status as "in custody." *See* https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=1814167 (visited August 19, 2020). The Michigan Department of Corrections Offender Tracking Information System describes Plaintiff's status as "Parolee-Held under custody." *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=388934 (visited June 26, 2020). Plaintiff has not yet served the maximum sentences on the paroled offenses nor has he reached his supervision discharge date. *Id*.

This action is a refiling of claims dismissed as misjoined from a prior lawsuit: *Schwab v. Wyoming Police Dep't et al.*, No. 1:20-cv-336 (W.D. Mich.) (*Schwab II*). In *Schwab II*, Plaintiff claimed that one group of Defendants—City of Wyoming, the Wyoming Police

2

Department, its chief (Unknown Party #1), Detective Margaret McKinnon, Children's Assessment Center forensic interviewer Amy Monton, Children's Assessment Center Sexual Assault Nurse Examiner Melissa Nestle, Child Protective Services worker Augustina Baar, and Michigan State Police Computer Crime Unit officer/employee Gabriel Cedillo (collectively the Criminal Case Defendants)—violated Plaintiff's constitutional rights in connection with their participation as investigating officers or expected witnesses in Plaintiff's pending criminal prosecution. Those claims remained in *Schwab II*.

The Court dismissed as misjoined Plaintiff's *Schwab II* claims against a second set of Defendants: Kent County Parole Office, its agents and supervisors Derick Bradford, Janelle Freeman, Mitchell Arrends, and Todd Bailey, and Muskegon County Parole Office agent Travis Rosema. Plaintiff has refiled those claims in this action; however, rather than suing the Kent County Parole Office, he sues the Kent County Parole Director/Manager. Additionally, Plaintiff has added a new Defendant: Dave Hosfelt.

Plaintiff's allegations are conclusory. He goes into excruciating detail in explaining all of the ways that Defendants' actions have harmed him, but provides almost no facts indicating the actions of Defendants that have caused the harm or why those actions were wrongful. Having sifted through the pages and pages of Plaintiff's conclusory statements, the Court concludes that each and every part of the rambling narrative is based on Plaintiff's foundational assertion that Defendants wrongfully accused Plaintiff of parole violations and that Plaintiff suffered innumerable harms as a result.

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by

a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive

4

relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of the parole violation determinations of which he complains. Those determinations resulted in his confinement. Therefore, his action is barred under *Heck* until those parole violation determinations have been invalidated.

The lack of clarity with regard to Plaintiff's present confinement status, however, leaves open the possibility that Plaintiff is even now confined on parole violations allegedly wrongfully declared by one or more Defendants, parole violations that still await adjudication. Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily

pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the misconduct of Defendants relates to a parole violation proceeding that may be ongoing. Second, Plaintiff's parole violation proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges. Certainly Plaintiff will not hesitate to raise his claims that the parole violations are simply false. Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his parole violation proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege a flagrantly unconstitutional statute or an extraordinarily pressing need for federal relief. Plaintiff's allegations might be read to support a claim that Defendants have acted in bad faith or intend to harass Plaintiff. But, the Sixth Circuit has interpreted the "bad faith/harassment" exception very narrowly:

> As we have explained, the Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v.*

6

> *Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999) ); *see also, e.g., McNatt v. Texas*, 37 F.3d 629 (5th Cir. 1994) (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions"). In this case, the alleged harassment and other "willful, egregious, [and] malicious" conduct does not rise to the level required by the exception because there have not been repeated prosecutions of Lloyd.

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Any claim that Plaintiff's prosecution is motivated by bad faith or harassment falls short because Defendants did not fail to follow through on repeated prosecutions, if any.

Because none of the exceptions to *Younger* abstention apply, the doctrine supports abstention here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's parole violation proceedings remain pending in state court, the Court will not review the actions of Defendants in connection with the allegedly false parole violation charges against Plaintiff.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

7

Plaintiff seeks both declaratory relief and damages; therefore, dismissal is an option. Nonetheless, rather than dismiss the case without prejudice, the Court will stay further proceedings pending final resolution of all parole violation proceedings.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that at least some part of Plaintiff's complaint would be appropriately dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). It appears that other parts are properly subject to *Younger* abstention. At this stage of the proceedings, however, there is no benefit to clearly drawing the line between the two parts. To ensure that Plaintiff's claims are preserved, the Court will stay further proceedings pending final resolution of all of the parole violation proceedings that lie at the heart of Plaintiff's complaint.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Because the Court may only stay or dismiss these proceedings, and because a stay favors Plaintiff to the greatest possible extent, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An order consistent with this opinion will be entered.

Dated:   August 28, 2020                         /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge