UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIAN KEITH SCHWAB,

        Plaintiff,

v.

UNKNOWN PARTY, et al.,

        Defendants.
_____/

Case No. 1:20-cv-669

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by an individual who is now a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

At the time Plaintiff filed suit, he was a pretrial detainee in the Kent County Jail. By way of his complaint, Plaintiff sued several persons that he described as parole agents. Plaintiff claimed these agents had violated his constitutional rights in connection with their pursuit of parole violation charges against Plaintiff. Those charges resulted in convictions for child sexually abusive

activity and second degree criminal sexual conduct. Plaintiff pleaded *nolo contendere* to those charges. He was sentenced to concurrent prison terms of 20 to 50 years for each offense. Plaintiff is presently serving those sentences with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.

At the time Plaintiff filed suit, the status of the parole violation charges—to the extent they were distinct from the criminal charges—was unclear. The Court noted that if the proceedings were ongoing, it would abstain from addressing Plaintiff's complaint until the state court proceedings were complete under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971).

If the proceedings were already complete, on the other hand, Plaintiff's claims would be properly dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." See *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). Because it was not impossible that the ongoing proceedings might vindicate Plaintiff's position, and thereby satisfy the *Heck* requirement, the Court stayed these proceedings, holding them in abeyance until Plaintiff's judgment became final.

Plaintiff, by way of a motion, has advised the Court that the Michigan Supreme Court recently denied leave to appeal his convictions and sentences. (ECF No. 10.) Because the state proceedings have ended in a final judgment, *Younger* no longer provides a basis to continue the stay. Accordingly, the Court will order the stay to be lifted and this case to be reopened.

The same final judgment that effectively lifts the *Younger* bar to this Court's consideration of Plaintiff's claims, lowers the *Heck* bar.[1] Plaintiff's action seeks damages that necessarily flow from harm caused by Defendants purported unconstitutional pursuit of parole violation charges against him. The unlawfulness of those actions would also render Plaintiff's convictions invalid. Under *Heck*, Plaintiff cannot pursue relief in an action under § 1983 until his convictions have been overturned. Accordingly, Plaintiff's § 1983 claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (discussing that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

Plaintiff's motion to continue to hold this case in abeyance will be denied. Instead, the Court will lift the stay and reopen the case for review under the PLRA.

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

---

[1] An analysis of application of the *Heck* bar to Plaintiff's parole violation claim is set forth in the Court's August 28, 2020, opinion. (ECF No. 4.)

A judgment consistent with this opinion will be entered.

Dated: June 9, 2023

/s/ Janet T. Neff
Janet T. Neff
United States District Judge